IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF FLORIDA
GAINESVILLE DIVISION

UNITED STATES OF AMERICA

vs.                                        Case Nos.:   1:17cr26/AW/GRJ
                                                        1:20cv43/AW/GRJ

WILLIAM LONNIE JENKINS,
    Petitioner.
_____

### REPORT AND RECOMMENDATION

Petitioner's "Motion under 28 U.S.C. § 2255 to Vacate, Set Aside, or Correct Sentence by a Person in Federal Custody" (ECF No. 89) was referred to the undersigned for the issuance of all preliminary orders and any recommendations to the district court regarding dispositive matters. *See* N.D. Fla. Loc. R. 72.2; *see also* 28 U.S.C. § 636(b) and Fed. R. Civ. P. 72(b).  Because Petitioner has not complied with court orders directing him to confirm his intent to pursue § 2255 relief by filing an amended petition, his motion should be dismissed without prejudice.

### PROCEDURAL BACKGROUND

In January of 2019, Petitioner filed a handwritten pleading titled "Motion to Correct Unconstitutional Sentence."  (ECF No. 89.)  On February 19, 2020, the Court recharacterized the submission as a Motion to Vacate,

Page **2** of **4**

Set Aside or Correct Sentence pursuant to 28 U.S.C. § 2255 (*see* ECF No. 88) and the case was referred to the undersigned.

On February 20, 2020, this court entered an order providing Petitioner with the required *Castro*[1] warning and directing him to file an amended § 2255 motion on the proper form.  The order was returned as undeliverable, apparently due to Petitioner's transfer to another institution.  The clerk confirmed Petitioner's correct address with the Bureau of Prisons and remailed the order to Petitioner on March 4, 2020.[2]

On March 30, 2020, the court issued an order directing Petitioner to show cause why this case should not be dismissed without prejudice for his failure to prosecute this action or failure to comply with an order of the court.  Petitioner was instructed to file his amended petition within twenty-

---

[1] In *Castro v. United States*, 540 U.S. 375 (2003), the Supreme Court held that when a district court recharacterizes a pro se motion as a § 2255 habeas petition, it must: 1) notify the litigant of the pending recharacterization; 2) warn the litigant that the recharacterization will subject any subsequent § 2255 motion to restrictions; and 3) provide the litigant an opportunity to withdraw the motion or amend it to include all available § 2255 claims.  540 U.S. at 383.

[2] Judgment was entered in Petitioner's case on October 1, 2018.  He filed neither an appeal, nor any motion other than the Motion to Correct Unconstitutional Sentence.  Title 28 U.S.C. § 2255 contains a one-year time limitation for filing motions pursuant to that section, so the court noted in its original order that in all likelihood any "new" claims would be time-barred.

Case Nos.: 1:17cr26/AW/GRJ; 1:20cv43/AW/GRJ

one (21) days and that failure to do so would result in a recommendation of dismissal without prejudice. Nothing further has been filed. Therefore, it is recommended that Petitioner's submission, construed as a motion pursuant to 28 U.S.C. § 2255, be denied and dismissed without prejudice. Furthermore, because Petitioner has not made a substantial showing of the denial of a constitutional right, no certificate of appealability should issue. 28 U.S.C. § 2253(c)(2); *Slack v. McDaniel*, 529 U.S. 473, 483–84 (2000) (explaining how to satisfy this showing) (citation omitted).

Based on the foregoing, it is respectfully **RECOMMENDED** that:

1. The "Motion under 28 U.S.C. § 2255 to Vacate, Set Aside, or Correct Sentence by a person in Federal Custody" (ECF No. 89) should be **DENIED and DISMISSED without prejudice**.

2. A certificate of appealability should be **DENIED**.

**IN CHAMBERS** at Gainesville, Florida, this 23rd day of April, 2020.

*s/ Gary R. Jones*
GARY R. JONES
United States Magistrate Judge

Case Nos.: 1:17cr26/AW/GRJ; 1:20cv43/AW/GRJ

## **NOTICE TO THE PARTIES**

Objections to these proposed findings and recommendations must be filed within fourteen (14) days after being served a copy thereof.  <u>Any different deadline that may appear on the electronic docket is for the court's internal use only, and does not control.</u>  A copy of objections shall be served upon all other parties.  If a party fails to object to the magistrate judge's findings or recommendations as to any particular claim or issue contained in a report and recommendation, that party waives the right to challenge on appeal the district court's order based on the unobjected-to factual and legal conclusions.  *See* 11th Cir. Rule 3-1; 28 U.S.C. § 636.

Case Nos.: 1:17cr26/AW/GRJ; 1:20cv43/AW/GRJ